No. 22-3294

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Sep 27, 2022
DEBORAH S. HUNT, Clerk
```

ABRAHAM YAACOV,

    Plaintiff-Appellant,

v.

GARY C. MOHR, Director, Ohio Department of
Rehabilitation and Correction, et al.,

    Defendants-Appellees.

O R D E R

Before: COLE, Circuit Judge.

Abraham Yaacov, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights action filed pursuant 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. He moves to proceed in forma pauperis ("IFP") on appeal. *See* Fed. R. App. P. 24(a)(5).

In 2016, Yaacov filed suit against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, ODRC Religious Services Administrator ("RSA") Mike Davis, Warden Margaret Bradshaw, Deputy Warden of Special Services Tim Milligan, Chaplain Scott D. Logan, Business Administrator Cathy Mosier, and Aramark Food Service Manager Christie Wressell, in their individual and official capacities. Yaacov, whose religious beliefs dictate a kosher vegetarian diet, alleged that he had been denied a vegan or vegetarian kosher meal plan at Richland Correctional Institution since ODRC had outsourced its food services to Aramark in 2014. Yaacov asserted that this denial violated the First, Eighth, and Fourteenth Amendments, as well as RLUIPA.

The district court dismissed Yaacov's complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. We affirmed the district court's dismissal of the Eighth and Fourteenth

Amendment claims but vacated its judgment with respect to the First Amendment and RLUIPA claims.

Davis, Milligan, Logan, and Mosier ("State Defendants") moved for judgment on the pleadings, arguing that a prior lawsuit by Yaacov in the Ohio Court of Claims had resulted in a waiver of his right to file claims in the current action. *See* Fed. R. Civ. P. 12(c). A magistrate judge recommended denying the motion because, among other things, there was a genuine dispute of material fact regarding the validity of Yaacov's alleged waiver. The district court adopted this part of the magistrate judge's report and denied the defendants' motion.

The State Defendants next moved for summary judgment, arguing that Yaacov had waived his right to sue because of the state action, that his suit was barred by the doctrine of res judicata because of a prior federal action, and that his claims lacked merit. Yaacov filed a response in opposition.

Before considering the summary-judgment motion, the magistrate judge ordered Yaacov to show cause why the claims against ODRC Director Mohr and Warden Bradshaw should not be dismissed for lack of timely service. *See* Fed. R. Civ. P. 4(m). Although service had been attempted on them, the summonses were returned unexecuted. Yaacov responded that Mohr and Bradshaw had in fact been served and that substitution of defendant public officers sued in their official capacity was automatic under Federal Rule of Civil Procedure 25(d).

Although finding that genuine disputes of material fact existed as to whether Yaacov's state suit had resulted in a valid waiver and whether claim preclusion applied due to the prior federal action, the magistrate judge nonetheless recommended granting the summary-judgment motion because Yaacov had not shown personal involvement by the State Defendants in establishing policies or denying his grievances. The magistrate judge recommended dismissing without prejudice Director Mohr and Warden Bradshaw for lack of service because Yaacov had timely notice that service had not been perfected. Last, the magistrate judge recommended dismissing the claim against Aramark Food Service Manager Wressell pursuant to § 1915(e)(2)(B) for failure to state a claim.

Over Yaacov's objections and upon de novo review, the district court adopted the magistrate judge's report, granted summary judgment to the State Defendants and dismissed the action as to the remaining defendants. The court certified that an appeal could not be taken in good faith.

Under Federal Rule of Appellate Procedure 24(a)(5), an appellant may seek leave to proceed IFP in this court. *See Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006). This court may grant the IFP motion if it determines that an appeal would be taken in good faith and that the appellant is indigent. *Id.* at 776. An appeal is not in good faith if it is frivolous—i.e., it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing sua sponte dismissals of frivolous prisoner complaints brought IFP); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (discussing good faith in direct criminal appeals). But an IFP motion should be granted if the claims on appeal deserve "further argument or consideration." *Coppedge*, 369 U.S. at 454.

Yaacov's appeal lacks an arguable basis in law. First, to establish a defendant's liability under § 1983 and RLUIPA, a plaintiff must establish personal involvement. *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *see also Pilgrim v. Artus*, No. 9:07-cv-1001, 2010 WL 3724883, at *14 (N.D.N.Y. Mar. 18, 2010) (RLUIPA) (collecting cases). Yaacov did not allege personal involvement by the State Defendants in his complaint, and he made only general allegations in his summary-judgment response, which included references to a 2006 religious accommodation request at another prison.

Second, Yaacov did not effect service on Director Mohr and Warden Bradshaw within 90 days of authorization of service on May 14, 2019, following remand, and Yaacov did not show good cause for his failure. *See* Fed. R. Civ. P. 4(m). He was on notice of the service issue because the State Defendants had mentioned the lack of timely service on Mohr and Bradshaw in their answer, which was filed within the 90-day period, and the magistrate judge did so as well shortly thereafter. Yaacov did not argue that he lacked notice but instead made a conclusory allegation that defense counsel had engaged in manipulation and deception. Nothing in the plain language

No. 22-3294
- 4 -

of the substitution provision of Rule 25(d) excuses Yaacov's failure to effect service on Mohr and Bradshaw.

Third, Wressell was not subject to suit under § 1983 and RLUIPA because she was not a state actor. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Ackerman v. Washington*, 16 F.4th 170, 185 n.7 (6th Cir. 2021).

For these reasons, the court **DENIES** Yaacov's IFP motion. Unless he pays the $505 appellate filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk